OPINION
Appellant Jerry Ray Francis, Jr. appeals a judgment of the Guernsey County Common Pleas Court dismissing his petition for post-conviction relief following an evidentiary hearing:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT MR. FRANCIS HAD THE EFFECTIVE ASSISTANCE OF COUNSEL.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT THE TESTIMONY OF A LEGAL EXPERT WAS NOT ADMISSIBLE.
On May 14, 1997, the Guernsey County Grand Jury indicted appellant on four counts of rape, in violation of R.C. 2907.02, and four counts of gross sexual imposition, in violation of R.C. 2907.05. The charges arose from incidents involving appellant's son, Jerry Ray Francis, III (hereinafter "Jerry Ray"). The incidents allegedly took place from August of 1993, to February 20, 1997.
Following bench trial, appellant was found guilty as charged. The court sentenced appellant to a total aggregate sentence of 22 years in prison, and classified appellant as a sexual predator.
On December 21, 1998, appellant filed a petition for post-conviction relief, claiming his trial counsel was ineffective. Attached to the petition were 13 affidavits from family members, friends, and employers claiming they had information relevant to appellant's case, but were never called to testify. The court denied appellant's petition for post-conviction relief, finding the outcome of the trial would not have been different if the 13 witnesses had testified. This court reversed in part, finding that the court should have granted an evidentiary hearing solely on the issue of developing the direct testimony of retaliation, and qualifying it under Evid. R. 613 (B). The case was remanded to the trial court for a hearing for the limited purposes of review under Evid. R. 613 (B).
At the evidentiary hearing on remand, the court heard the testimony of nine witnesses on behalf of appellant. Leslie Francis, appellant's wife and Jerry Ray's mother, testified that in 1994 her son alleged that his dad had abused him sexually, after his dad punished him for swimming in his underwear with his cousin, Crystal. Jerry Ray told her later that he had lied, and the allegations were not reported to authorities. She further testified she did not believe the 1997 allegations of sexual abuse, and believed Jerry Ray was trying to get back at his father for grounding him, after he was seen coming out of a trailer with his girlfriend, April Wamsley.
Danielle Rings, who was married to appellant's nephew, testified that she found letters from Jerry Ray to her sister, April Wamsley. April lived with Danielle for several months in 1997. She believed the letter indicated that Jerry Ray and April were involved in a sexual relationship, and gave the letter to appellant.
Richard Rings, appellant's nephew, testified that soon after appellant grounded Jerry Ray, the allegations of sexual abuse were made by Jerry Ray to his high school principal. Rings was later convicted of corruption of a minor, the victim being April Wamsley.
Jamie Morris testified that she lived in the trailer occupied by the Francis family in 1994, along with her mother and her siblings. Her mother was being stalked at the time, and the family lived with the Francis family during the summer. She testified that Jerry Ray told her that everything he said about his father was a lie, but she was unable to remember whether he had told her this in 1994, or in 1997.
Shawn and Christopher Francis, appellant's sons, both testified that Jerry Ray told them that he was going to get back at their dad for grounding him, after the incident with April Wamsley.
Sheree Davidson, Jamie Morris' mother, testified that while they were living with the Francis family, Jerry Ray repeatedly said, after his father had been accused, that it would now be just the three boys and his mom. She also testified that he laughed inappropriately when asked to tell the truth about his dad.
Two other relatives testified that Jerry Ray never told them that his father had been sexually abusing him.
Appellant also attempted to present the testimony of Donald Schumacher, an attorney who was called as an expert witness. While the court excluded his expert testimony, the testimony was proffered into the record. Schumacher testified during the proffer that he believed that the failure to call the witnesses whose affidavits were attached to the motion for post-conviction relief, on the issue of motive to fabricate, amounted to ineffective assistance of counsel. He predicated his opinion on the affidavit of Jamie Morris, who he testified should be given greater credibility, as she was not a family member or otherwise emotionally involved in the case.
The court concluded that pursuant to Evid. R. 613, appellant produced evidence of prior inconsistent statements of Jerry Ray, which could have been offered at the trial to impeach his testimony. However, the court concluded that the evidence did not meet the ineffective assistance of counsel standard, as set forth by the United States Supreme Court inStrickland v. Washington (1984), 466 U.S. 668. He concluded that with the exception of Jamie Morris, all the witnesses would have both helped and hurt appellant's case, as while they testified concerning a motive to fabricate, they all testified that he never recanted his claim that his father had sexually abused him. The court concluded that the testimony of Jamie Morris was not credible, due to her confusion and inability to remember the events. The court also concluded that as a matter of law, the motive to fabricate was not of such consequence as to outweigh the medical evidence, as the victim never recanted the allegations, which were consistent from the time he first made them to his testimony at trial, and the allegations of sexual abuse were made days or a week after his father grounded him.
 I
Appellant first argues that the court erred in finding that appellant had effective assistance of counsel.
To demonstrate ineffective assistance of counsel, a defendant must show that his attorney's performance fell below an objective standard of reasonable representation, and that he was prejudiced by such performance. Strickland v. Washington, supra; state v. Bradley (1989),42 Ohio St.3d 136. To demonstrate prejudice, the defendant must show that but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. Id.
In the instant case, the court did not err in finding that appellant did not demonstrate prejudice from the failure to call the witnesses who testified at the evidentiary hearing.
Stacy Bailey and Terry Philpot, both relatives of appellant and Jerry Ray, testified that Jerry Ray had never told them that his father had been sexually abusing him. However, Terry Philpot admitted that she was not close to Jerry Ray, and was not likely to confide in her, and Stacy Bailey did not testify that Jerry Ray regularly confided her.
Sheree Davidson testified concerning the family dynamics following the allegations made by Jerry Ray, but provided no direct testimony concerning motive to fabricate, or recantation of the allegations.
Shawn, Christopher, and Leslie Francis all testified concerning motive to lie, but none of them testified that he admitted that he had lied about the 1997 allegation made against his father. While Leslie testified her son later told her he lied concerning the 1994 allegations, she did not testify that he told her he had lied about the 1997 allegations.
Danielle and Richard Rings both testified that after being grounded for his relationship with April, appellant threatened to get back at his dad, no matter what he had to do. However, they did not testify that he ever recanted the allegations of sexual abuse against appellant.
The court did not err in finding this testimony did not demonstrate a reasonable probability of a change in the outcome of the trial. While the witnesses demonstrated that appellant had a motive to fabricate, and had stated that he would get even with his father, none of them testified that appellant ever recanted the allegations. Further, his statements that he would get even with his dad are susceptible to more than one interpretation: he could get even with his dad by making up the allegations, or by reporting acts of sexual abuse which actually did occur.
The only direct testimony of recantation was provided by Jamie Morris. The court specifically found her testimony to not be credible, as she had difficulty recalling or remembering the matters to which she was testifying. The court sits as the judge of credibility of witnesses, and his conclusion is supported by the record. When questioned concerning to whom she talked concerning the statements, and the circumstances surrounding her signing her affidavit, she repeatedly responded, "I don't remember." Tr. 91-98. Further, she was unable to recall whether Jerry Ray told her that his allegations were a lie in 1994, or 1997. Her affidavit attached to the motion for post-conviction relief specifically refers to the summer of 1994. The court did not err in concluding that the failure to present Jamie's testimony did not rise to the level of ineffective assistance of counsel.
The first assignment of error is overruled.
 II
Appellant argues that the court erred in excluding the expert testimony of Donald Schumacher.
The court excluded the testimony of Mr. Schumacher on the basis of relevance. The court concluded that because the remand was limited to the issue of the admissibility of the testimony of witnesses pursuant to Evid. R. 613, the issue of ineffective assistance of counsel was not before the court. We disagree. Although the case was remanded for an evidentiary hearing to develop testimony regarding motive to fabricate, the underlying claim was one of ineffective assistance of counsel for failure to call witnesses on appellant's behalf at trial. In fact, in its findings of fact and conclusions of law, the court addressed the issue as one of ineffective assistance of counsel. Therefore, the court erred in concluding that the evidence was not relevant, and it was error to exclude the testimony of Donald Schumacher. However, the court did allow an extensive proffer of the testimony of Mr. Schumacher, which the court heard and made part of the record. Therefore, on remand, the court is instructed to consider the expert testimony of Donald Schumacher, and determine if pursuant to the standard of ineffective assistance of counsel as set forth in Strickland v. Washington, supra, the second prong of the test is satisfied, in light of the testimony of Mr. Schumacher.
The second assignment of error is sustained.
This cause is reversed and remanded to the Guernsey County Common Pleas Court with instructions to review and consider the expert testimony of Donald Schumacher.
By GWIN, P.J., WISE, J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, this cause is reversed and remanded to the Guernsey County Common Pleas Court with instructions to review and consider the expert testimony of Donald Schumacher.